**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | |
|---|---|
| Sammie Gerrick, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 1:18-cv-02868-JMC |
| | ) |
| v. | ) |
| | ) |
| S. Creighton Waters, Jason S. Anders, | ) **ORDER** |
| SLED Agent Dowling, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on November 2, 2018 (ECF No. 7). The court **ACCEPTS** the Magistrate Judge's Report and incorporates it herein by reference. For the reasons set out in the Report, the court **DISMISSES** Plaintiff Sammie Gerrick's ("Plaintiff") Complaint (ECF No. 1) without prejudice and without issuance and service of process.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1–3.) As brief background, on October 23, 2018, Plaintiff, proceeding pro se and in forma pauperis, filed the instant § 1983 action, seeking damages against Defendants S. Creighton Waters and Jason S. Anders, attorneys in the South Carolina Attorney General's Office, and Defendant Dowling, an agent in the South Carolina Law Enforcement Division (together "Defendants"). (ECF No. 1.) Plaintiff alleges his due process rights under the Fourth Amendment were violated by "[Defendants] making intimidating threats of taking [his] wife['s] autistic child from her custody if she did not testify against Plaintiff, without his consent."

(*Id.* at 5.)  Plaintiff argues his wife's testimony was illegally compelled in violation of the spousal communications privilege under S.C. Code § 19-11-30.[1]  (*Id.* at 2–3, 5–6, 9.)

On November 2, 2018, the Magistrate Judge entered her Report.  (ECF No. 7.)  The Magistrate Judge found Plaintiff's claim was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994),[2] because,

> Plaintiff has provided no factual allegations to show that he successfully challenged his conviction.  Thus, to the extent Plaintiff raises a cognizable claim that the [D]efendants' purported threat against his wife violated his rights in his state criminal trial, such a claim would be barred at this time by the holding in *Heck*.

(*Id.* at 3–4.)  Thus, the Magistrate Judge recommended the Complaint be dismissed without prejudice and without issuance and service of process.  (*Id.* at 4.)

---

[1] Section 19-11-30 of the South Carolina Code (West 2018) provides, "In any trial or inquiry in any suit, action, or proceeding in any court or before any person having, by law or consent of the parties, authority to examine witnesses or hear evidence, no husband or wife may be required to disclose any confidential or, in a criminal proceeding, any communication made by one to the other during their marriage."

[2] In *Heck*, the Supreme Court held that,

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87 (footnote omitted).

On November 19, 2018, Plaintiff filed an Objection to the Report.  (ECF No. 9.)  Plaintiff asserts that although he

> is still in the appeal process in his criminal conviction[,] this action is not being taken to invalidate his criminal conviction.  It has been taken in an effort to correct such corruption and/or illegal actions by state actors in these highly sensitive positions.  Which is not only for himself but in the public interest.

(*Id.* at 1.)  Plaintiff requests that the court hold this action in abeyance until the conclusion of his appeal.  (*Id.* at 2.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The responsibility to make a final determination remains with the court.  *Id.* at 271.  As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made.  *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must identify specific findings of the Report and state the basis for objecting to those findings.  Fed. R. Civ. P. 72(b).  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file a *specific*, written objection to a Report will result in a waiver of the right to appeal from an order based upon a

Report. 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 845–47 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If a party fails to properly object because the objection lacks the requisite specificity, then de novo review by the court is not required. *See Suttles v. Chater*, No. 96-2138, 1997 WL 76900, at *1 (4th Cir. Feb. 25, 1997) (holding that "general, non-specific objections" are not sufficient when objecting to a magistrate judge's recommendation) (citing *Howard v. Secretary*, 932 F.2d 505, 508-09 (6th Cir. 1991); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1985)).

The court is required to interpret pro se documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, pro se documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997).

### III. DISCUSSION

Plaintiff does not challenge the Magistrate Judge's finding that his claim is barred by *Heck*; instead, Plaintiff objects to the Magistrate Judge's dismissal of his Complaint, contending that holding his Complaint in abeyance is the appropriate disposition. (ECF No. 9 at 2.) The Fourth Circuit has yet to consider whether a § 1983 claim barred by *Heck* should be stayed until the conclusion of a plaintiff's ongoing state criminal proceedings. *See Heck*, 512 U.S. at 489–90 ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."). However, the Supreme Court gave explicit instructions regarding the appropriate disposition in cases such as Plaintiff's: "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether

a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, *the complaint must be dismissed* unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487 (emphasis added). Thus, under *Heck*, Plaintiff's Complaint must be dismissed until he can demonstrate that his conviction has already been invalidated. *See id.*

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 7) and **DISMISSES** Plaintiff's Complaint (ECF No. 1) without prejudice and without issuance of service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 6, 2018
Columbia, South Carolina